

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

**ENTERED**
**02/08/2013**

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **CASE NO: 11-35205** |
| **FRANK PERRY, ALESHEIA R. PERRY** | § | **CHAPTER  7** |
| | § | |
| Debtor(s). | § | **JUDGE ISGUR** |
| | § | |

| | | |
|---|---|---|
| **JOSEPH M HILL** | § | |
| | § | |
| Plaintiff(s), | § | |
| | § | |
| vs. | § | **ADVERSARY NO. 11-03642** |
| | § | |
| **U.S. BANK, NATIONAL ASSOCIATION,** *et al* | § | |
| | § | |
| | § | |
| Defendant(s). | § | |

## MEMORANDUM OPINION

U.S. Bank, National Association is granted summary judgment that it holds a secured claim against the real property located at 8707 Woodcamp Drive, Houston, Texas 77088 (the "Property"). In reaching this conclusion, the Court has determined that:

- U.S. Bank owns and holds the promissory note dated October 16, 2006 in the original principal amount of $88,400.00 (the "Note").

- Under Texas law, the deed of trust securing payment of the note is for the benefit of the owner and holder of the note.

- The post-petition execution of a "transfer" of the deed of trust was not a transfer at all.  It did not violate the automatic stay and is not avoidable under 11 U.S.C. § 549.

However, the Court has not determined whether U.S. Bank's deed of trust is avoidable by the Trustee in his capacity as a bona fide purchaser.  Accordingly, a trial will be held on this single issue.

1 / 13

## Background

The facts are uncontested and are set forth in the Joint Pretrial Statement filed on October 1, 2012. The parties only dispute the legal consequences of those facts.

On October 16, 2006, Frank Perry signed the Note. On that date, Perry also signed a deed of trust (the "Deed of Trust"). The Deed of Trust granted a security interest in the Property and specifically references and secures payment of the Note. The Deed of Trust identifies the beneficiary of the Deed of Trust as Mortgage Electronic Registration Systems Inc. ("MERS"), "solely as nominee for Lender and Lender's successors and assigns." "Lender" is defined as Crevecor Mortgage, Inc.

The Deed of Trust was properly recorded in Harris County, Texas.

The Note was payable to Crevecor Mortgage, Inc. The Note was subsequently assigned to Residential Funding Company, LLC. Residential Funding Company, LLC later assigned the Note to U.S. Bank. These transfers all occurred long before the filing of the bankruptcy case.

Perry filed a chapter 7 bankruptcy on June 16, 2011. Joseph Hill is the Trustee.

MERS never owned an interest in the Note.

Five months after the bankruptcy petition was filed, MERS executed a document that purportedly "assigned" "all beneficial interest under" the Deed of Trust to U.S. Bank. That document was recorded in the real property records.

### Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Fed. R. Bankr. P. 7056 incorporates Rule 56 in adversary proceedings.

A party seeking summary judgment must demonstrate: (i) an absence of evidence to support the non-moving party's claims or (ii) an absence of a genuine dispute of material fact. *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Warfield v. Byron*, 436 F.3d 551, 557 (5th Cir. 2006). A genuine dispute of material fact is one that could affect the outcome of the action or allow a reasonable fact finder to find in favor of the non-moving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

A court views the facts and evidence in the light most favorable to the non-moving party at all times. *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754 (5th Cir. 2009). Nevertheless, the Court is not obligated to search the record for the non-moving party's evidence. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact.[1] Fed. R. Civ. P. 56(c)(1). The Court need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3). The Court should not weigh the evidence. A credibility determination may not be part of the summary judgment analysis. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). However, a party may object

---

[1] If a party fails to support an assertion or to address another party's assertion as required by Rule 56(c), the Court may (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if, taking the undisputed facts into account, the movant is entitled to it; or (4) issue any other appropriate order. Fed. R. Civ. P. 56(e).

that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Fed. R. Civ. P. 56(c)(2).

"The moving party bears the burden of establishing that there are no genuine issues of material fact." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'ship*, 520 F.3d 409, 412 (5th Cir. 2008). The evidentiary support needed to meet the initial summary judgment burden depends on whether the movant bears the ultimate burden of proof at trial.

If the movant bears the burden of proof on an issue, a successful motion must present evidence that would entitle the movant to judgment at trial. *Malacara*, 353 F.3d at 403. Upon an adequate showing, the burden shifts to the non-moving party to establish a genuine dispute of material fact. *Sossamon*, 560 F.3d at 326. The non-moving party must cite to specific evidence demonstrating a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Celotex Corp. v. Cattrett*, 477 U.S. 317, 324 (1986). The non-moving party must also "articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004). Even if the movant meets the initial burden, the motion should be granted only if the non-movant cannot show a genuine dispute of material fact.

If the non-movant bears the burden of proof of an issue, the movant must show the absence of sufficient evidence to support an essential element of the non-movant's claim. *Norwegian Bulk Transp. A/S*, 520 F.3d at 412. Upon an adequate showing of insufficient evidence, the non-movant must respond with sufficient evidence to support the challenged element of its case. *Celotex*, 477 U.S. at 324. The motion should be granted only if the non-movant cannot produce evidence to support an essential element of its claim. *Condrey v. Suntrust Bank of Ga.*, 431 F.3d 191, 197 (5th Cir. 2005).

**Analysis**

If this were a dispute between Mr. and Ms. Perry and U.S. Bank, the decision would be straightforward under Texas law. *See Richard v. CIT Group,* 2012 WL 3030348 (S.D. Tex. July 21, 2012). Put simply, Mr. and Ms. Perry pledged their home to secure repayment of the Note. The holder of a note is free to transfer it without filing anything. *Id.* Under long-established Texas law, the deed of trust follows the note. *Lawson v. Gibbs,* 591 S.W.2d 292, 294 (Tex. App. 1979). The fact that U.S. Bank owned the Note on the petition date is established by the summary judgment evidence. Consequently, U.S. Bank also owned the Deed of Trust on the petition date. As persuasively argued in its summary judgment motion, the failure to record the transfer of the Deed of Trust does not alter the fact that U.S. Bank was its owner. *Id.*

U.S. Bank concedes that the assignment of the Deed of Trust was not recorded as of the petition date. It argues that its postpetition recordation of the Deed of Trust should resolve this dispute.

However, Texas law requires that to assign a filed deed of trust, the assignment must be recorded. TEXAS LOC. GOVT. CODE § 192.007(a). The case law under § 192.007 consistently holds that the absence of recordation does not affect the validity of the assigned deed of trust between the homeowner and the lender. *See Richard v. CIT Group,* 2012 WL 3030348 (S.D. Tex. July 21, 2012); *Plummer v. Citimortgage,* No. 11-CV-804, 2012 WL 1438211 (N.D. Tex. Apr. 25, 2012); *Huml v. Mortgage Electronic Registration Systems, Inc.*, No. EP-12-CV-00146-DCG, 2012 WL 5984821 (W.D. Tex. Oct. 25, 2012); *Sutherlin v. Countrywide Home Loans,* No. 4:12CV434, 2012 WL 6087726 (E.D. Tex. Dec. 6, 2012).

But, as Judge Smith cogently explained, those cases do not resolve the issue with respect to third parties. *Miller v. Homecomings Financial, LLP,* 2012 WL 3206237 (S.D. Tex. Aug. 8, 2012).

In its brief filed on January 31, 2013, U.S. Bank argues that the issue under § 192.007 is moot, pointing out the uncontested fact that it did record the transfer in accordance with § 192.007. They are incorrect on that issue.

The Trustee contests the effect of the postpetition recordation. The Trustee has the rights of a bona fide purchaser of real property. 11 U.S.C. § 544. The Trustee argues that, as a bona fide purchaser of real property, he takes the property free of the unrecorded transfer of the Deed of Trust. The Trustee's rights as a bona fide purchaser arose on the petition date. It is fundamental that a postpetition recordation cannot retroactively create notice if none existed on the petition date.

However, the problem is not as simple as either party describes. Although the bankruptcy trustee is a bona fide purchaser under § 544, and the transfer was not properly recorded on the petition date, the trustee is nevertheless charged with inquiry notice. *See In re Hamilton,* 125 F. 3d. 292 (5th Cir. 1997).

In *Hamilton,* the issue was whether a chapter 13 debtor, acting with trustee powers, could avoid a prepetition, unrecorded transfer. In that case, a state law foreclosure had occurred, but the foreclosure deed was not recorded before the bankruptcy petition was filed. The Fifth Circuit examined the state of title on the petition date. Finding that the failure to record the deed eliminated constructive notice under Texas law, the Fifth Circuit held that the Debtors were nevertheless held to inquiry notice. The Fifth Circuit reasoned that § 544 gave the Debtors the

status of a bona fide purchaser under Texas law.  The recorded deed of trust put a bona fide

purchaser on inquiry notice to inquire as to the status of the recorded deed of trust.

Accordingly, the case was remanded to the Bankruptcy Court for a determination of

whether a prospective bona fide purchaser would have learned of the foreclosure sale following

diligent inquiry.

In this case, the Trustee is attempting to use his status as a bona fide purchaser to hold the

property free and clear of U.S. Bank's lien.  At the petition date, the transfer of the lien to U.S.

Bank was unrecorded.  Pursuant to *Hamilton*, the Court requires the Trustee to demonstrate

whether the transfer to U.S. Bank would have been disclosed following inquiry.

To further explain the Court's reasoning, it is helpful to restate the Fifth Circuit's

*Hamilton* holding concerning inquiry notice, substituting only the few words required to make

the decision applicable to the facts of the present case.  The following table contains the

*Hamilton* holding in the left column, with redline changes in the right:

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| Texas law recognizes the doctrine of inquiry notice, triggered by notice of facts that would put a reasonably prudent person on a duty of inquiry. *See Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286, 289 (1951); *Prewitt v. United States*, 792 F.2d 1353, 1358-59 (5th Cir.1986); *Teofan v. Cools ( In re Spring Creek Invs.)*, 71 B.R. 157, 159-60 (Bankr.N.D.Tex.1987); *T-Vestco Litt-Vada v. Lu-Cal One Oil Co.*, 651 S.W.2d 284 (Tex.App.-Austin 1983, writ ref'd n.r.e.). Under Texas law, constructive notice of a recorded deed of trust in the chain of title puts a subsequent purchaser under a duty to make a reasonable inquiry into the status of the deed of trust. *See Lumpkin v. Adams*, 74 Tex. 96, 11 S.W. 1070, 1073 (1889); *accord Olsen v. Bank One ( In re Bruder)*, 207 B.R. 151, 159 | Texas law recognizes the doctrine of inquiry notice, triggered by notice of facts that would put a reasonably prudent person on a duty of inquiry. *See Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286, 289 (1951); *Prewitt v. United States*, 792 F.2d 1353, 1358-59 (5th Cir.1986); *Teofan v. Cools ( In re Spring Creek Invs.)*, 71 B.R. 157, 159-60 (Bankr.N.D.Tex.1987); *T-Vestco Litt-Vada v. Lu-Cal One Oil Co.*, 651 S.W.2d 284 (Tex.App.-Austin 1983, writ ref'd n.r.e.). Under Texas law, constructive notice of a recorded deed of trust in the chain of title puts a subsequent purchaser under a duty to make a reasonable inquiry into the status of the deed of trust. *See Lumpkin v. Adams*, 74 Tex. 96, 11 S.W. 1070, 1073 (1889); *accord Olsen v. Bank One ( In re Bruder)*, 207 B.R. 151, 159 |

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| (N.D.Ill.1997). | (N.D.Ill.1997). |
| The bankruptcy and district courts in this case reasoned that although state law determines whether a hypothetical purchaser is a bona fide purchaser without notice for the purpose of section 544(a), bankruptcy law precludes the application of inquiry notice because inquiry notice refers to actual knowledge. Under Texas law, however, inquiry notice is a form of implied knowledge; it is not actual, personal knowledge of the type made irrelevant under section 544(a). *See Woodward,* 237 S.W.2d at 289 ("[T]hose things which a[n] ... inquiry ... *would have* discovered.") (emphasis added); *cf. Exxon Corp. v. Raetzer,* 533 S.W.2d 842, 846 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.) ("implied notice"). A hypothetical purchaser on inquiry notice is chargeable with implied knowledge of facts that would be discovered by a reasonably diligent inquiry. To find inquiry notice inapplicable to a hypothetical purchaser or trustee under section 544(a) would place the hypothetical purchaser or trustee in a better position than other purchasers under state law. Section 544(a)(3) does not give Chapter 13 trustees any greater rights than bona fide purchasers have under state law. *Maine Nat'l Bank v. Morse (In re Morse),* 30 B.R. 52, 54 (1st Cir.BAP1983); *Calcasieu v. Marine Nat'l Bank ( In re Quirk),* 119 B.R. 99, 100 (W.D.La.1990). | The bankruptcy and district courts in this case reasoned that although state law determines whether a hypothetical purchaser is a bona fide purchaser without notice for the purpose of section 544(a), bankruptcy law precludes the application of inquiry notice because inquiry notice refers to actual knowledge. Under Texas law, however, inquiry notice is a form of implied knowledge; it is not actual, personal knowledge of the type made irrelevant under section 544(a). *See Woodward,* 237 S.W.2d at 289 ("[T]hose things which a[n] ... inquiry ... *would have* discovered.") (emphasis added); *cf. Exxon Corp. v. Raetzer,* 533 S.W.2d 842, 846 (Tex.Civ.App.-Corpus Christi 1976, writ ref'd n.r.e.) ("implied notice"). A hypothetical purchaser on inquiry notice is chargeable with implied knowledge of facts that would be discovered by a reasonably diligent inquiry. To find inquiry notice inapplicable to a hypothetical purchaser or trustee under section 544(a) would place the hypothetical purchaser or trustee in a better position than other purchasers under state law. Section 544(a)(3) does not give Chapter ~~13~~ 7 trustees any greater rights than bona fide purchasers have under state law. *Maine Nat'l Bank v. Morse (In re Morse),* 30 B.R. 52, 54 (1st Cir.BAP1983); *Calcasieu v. Marine Nat'l Bank ( In re Quirk),* 119 B.R. 99, 100 (W.D.La.1990). |
| A hypothetical purchaser of Hamilton's property on the date of the bankruptcy filing would be on inquiry notice resulting from constructive notice of the recorded deed of trust and the information contained therein. "[A] purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims.... The rationale of the rule is that | A hypothetical purchaser of **the Woodcamp** ~~Hamilton's~~ property on the date of the bankruptcy filing would be on inquiry notice resulting from constructive notice of the recorded deed of trust and the information contained therein. "[A] purchaser is bound by every recital, reference and reservation contained in or fairly disclosed by any instrument which forms an essential link in the chain of title under which he claims.... The |

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| any description, recital of fact, or reference to other documents puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained." *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 908 (Tex.1982) (citations omitted); *see also In re Spring Creek Invs.,* 71 B.R. at 159-60; FRED A. LANGE & ALOYSIUS A. LEOPOLD, LAND TITLES AND TITLE EXAMINATION § 886 (West 1992) ("[A] purchaser of land is not only put upon notice of the contents of a prior recorded deed, but of any fact contained therein which would put a reasonable man upon inquiry, so that while a recorded deed is constructive notice only of the facts which it recites, yet a party is chargeable with notice of what a reasonably prudent person, with knowledge of the facts, would have ascertained by inquiry[;] ... a purchaser of land must search records since they are the primary source of information as to the title and he is charged with knowledge of the existence and contents of recorded instruments affecting title, and a purchaser is charged with notice of the contents and legal effect of instruments which are in his chain of title although he may never have had any actual knowledge thereof."). | rationale of the rule is that any description, recital of fact, or reference to other documents puts the purchaser upon inquiry, and he is bound to follow up this inquiry, step by step, from one discovery to another and from one instrument to another, until the whole series of title deeds is exhausted and a complete knowledge of all the matters referred to and affecting the estate is obtained." *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 908 (Tex.1982) (citations omitted); *see also In re Spring Creek Invs.,* 71 B.R. at 159-60; FRED A. LANGE & ALOYSIUS A. LEOPOLD, LAND TITLES AND TITLE EXAMINATION § 886 (West 1992) ("[A] purchaser of land is not only put upon notice of the contents of a prior recorded deed, but of any fact contained therein which would put a reasonable man upon inquiry, so that while a recorded deed is constructive notice only of the facts which it recites, yet a party is chargeable with notice of what a reasonably prudent person, with knowledge of the facts, would have ascertained by inquiry[;] ... a purchaser of land must search records since they are the primary source of information as to the title and he is charged with knowledge of the existence and contents of recorded instruments affecting title, and a purchaser is charged with notice of the contents and legal effect of instruments which are in his chain of title although he may never have had any actual knowledge thereof."). |
|     The duty of inquiry is governed by standards of reasonableness, extending to "those things which a reasonably diligent inquiry and exercise of the means of information at hand would have discovered." *Woodward,* 237 S.W.2d at 289; *see also Prewitt,* 792 F.2d at 1359 ("a *reasonably diligent* inquiry and exercise of the *means of information at hand* ") (emphasis added); *In re Spring Creek Invs.,* 71 B.R. at 160 ("the duty |     The duty of inquiry is governed by standards of reasonableness, extending to "those things which a reasonably diligent inquiry and exercise of the means of information at hand would have discovered." *Woodward,* 237 S.W.2d at 289; *see also Prewitt,* 792 F.2d at 1359 ("a *reasonably diligent* inquiry and exercise of the *means of information at hand* ") (emphasis added); *In re Spring Creek Invs.,* 71 B.R. at 160 ("the duty |

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| does not extend to exhaustive inquiry or investigation of speculation and conjecture"); *Westland,* 637 S.W.2d at 908 (" *diligent* inquiry and search") (emphasis added); *Flack v. First Nat'l Bank,* 148 Tex. 495, 226 S.W.2d 628, 631 (1950); *Hobbs v. Hutson,* 733 S.W.2d 269, 272 (Tex.App.-Texarkana 1987, writ denied) (citing *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959)); *cf. Briggs v. Kent (In re Professional Inv. Props.),* 955 F.2d 623, 627 (9th Cir.1992), *cert. denied, Miller v. Briggs,* 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992) ("[W]here a purchaser has knowledge of information of facts which are sufficient to put an *ordinarily prudent* man upon inquiry, and the inquiry, if followed with *reasonable diligence,* would lead to the discovery of defects in the title ... the purchaser will be held chargeable with knowledge thereof.") (emphasis added). | does not extend to exhaustive inquiry or investigation of speculation and conjecture"); *Westland,* 637 S.W.2d at 908 (" *diligent* inquiry and search") (emphasis added); *Flack v. First Nat'l Bank,* 148 Tex. 495, 226 S.W.2d 628, 631 (1950); *Hobbs v. Hutson,* 733 S.W.2d 269, 272 (Tex.App.-Texarkana 1987, writ denied) (citing *Miles v. Martin,* 159 Tex. 336, 321 S.W.2d 62 (1959)); *cf. Briggs v. Kent (In re Professional Inv. Props.),* 955 F.2d 623, 627 (9th Cir.1992), *cert. denied, Miller v. Briggs,* 506 U.S. 818, 113 S.Ct. 63, 121 L.Ed.2d 31 (1992) ("[W]here a purchaser has knowledge of information of facts which are sufficient to put an *ordinarily prudent* man upon inquiry, and the inquiry, if followed with *reasonable diligence,* would lead to the discovery of defects in the title ... the purchaser will be held chargeable with knowledge thereof.") (emphasis added). |
| Courts have found that a purchaser's reasonably diligent inquiry, through information at hand, can lead to a purchaser's implied knowledge of a foreclosure sale under a recorded deed of trust, even in the absence of a recorded substitute trustee's deed. *See Clarkson v. Ruiz,* 140 S.W.2d 206, 210 (Tex.Civ.App.-San Antonio 1940, writ dism'd) (purchasers on notice of an unreleased deed of trust "would have [been] put upon inquiry, which, if diligently pursued, would have in all probability, [led] to a discovery of the foreclosure under the power of the deed of trust"); *see also Chavis v. Gibbs,* 198 Va. 379, 94 S.E.2d 195, 201 (1956) ("[I]f reasonable and prudent inquiry had been made and full answers obtained, [the purchaser] would have discovered that because of default in the payment of the notes, the property had been sold in accordance with the provisions of the deed of trust."); *cf. Parker v. Wear,* 230 S.W. 75, 78 (Mo.1921) ("[I]t was immaterial that the purchaser at the foreclosure had not then filed | Courts have found that a purchaser's reasonably diligent inquiry, through information at hand, can lead to a purchaser's implied knowledge of a foreclosure sale under a recorded deed of trust, even in the absence of a recorded substitute trustee's deed. *See Clarkson v. Ruiz,* 140 S.W.2d 206, 210 (Tex.Civ.App.-San Antonio 1940, writ dism'd) (purchasers on notice of an unreleased deed of trust "would have [been] put upon inquiry, which, if diligently pursued, would have in all probability, [led] to a discovery of the foreclosure under the power of the deed of trust"); *see also Chavis v. Gibbs,* 198 Va. 379, 94 S.E.2d 195, 201 (1956) ("[I]f reasonable and prudent inquiry had been made and full answers obtained, [the purchaser] would have discovered that because of default in the payment of the notes, the property had been sold in accordance with the provisions of the deed of trust."); *cf. Parker v. Wear,* 230 S.W. 75, 78 (Mo.1921) ("[I]t was immaterial that the purchaser at the foreclosure had not then filed |

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| his deed from the trustee, where not only was the deed of trust on record, but [the purchaser's] deed itself recited the outstanding incumbrance, as these facts put plaintiff on inquiry which, if it had been followed, would have disclosed that her grantor at that time had no title."). The determination of whether a purchaser may be charged with such knowledge depends on the facts of each case. *See Miles,* 321 S.W.2d at 69 ("[W]hether a diligent search would have led to a discovery of the [facts is an] issue[ ] to be determined by the trier of fact under all the evidence."), *quoted in Hobbs,* 733 S.W.2d at 272. | his deed from the trustee, where not only was the deed of trust on record, but [the purchaser's] deed itself recited the outstanding incumbrance, as these facts put plaintiff on inquiry which, if it had been followed, would have disclosed that her grantor at that time had no title."). The determination of whether a purchaser may be charged with such knowledge depends on the facts of each case. *See Miles,* 321 S.W.2d at 69 ("[W]hether a diligent search would have led to a discovery of the [facts is an] issue[ ] to be determined by the trier of fact under all the evidence."), *quoted in Hobbs,* 733 S.W.2d at 272. |
|     A reasonably prudent hypothetical purchaser of the Hamilton property, on constructive notice of the deed of trust, two days after the foreclosure sale but before the substitute trustee's deed was recorded, would have made a reasonable inquiry into whether the deed of trust had been released, extended, renewed, or foreclosed, using information at hand. *See Lumpkin,* 11 S.W. at 1073 (if the purchaser had notice of the mortgage "at the time of his purchase, he would be put on inquiry, and would be required to exercise reasonable diligence to ascertain the facts constituting any change in or renewal of the mortgage, reasonable diligence to inform himself if the mortgage had been satisfied, and, if satisfied, how it had been satisfied"). Inquiring into the real property records of the chain of title, the hypothetical purchaser would have found no record that the deed of trust had been extinguished. A hypothetical purchaser, acquiring the property subject to an unreleased deed of trust, would inquire further into the status of the lien, exercising other available means of information readily at hand. |     A reasonably prudent hypothetical purchaser of the **Woodcamp** ~~Hamilton~~ property, on constructive notice of the deed of trust, ~~two days after the foreclosure sale but before the substitute trustee's deed was recorded~~ **as of the filing of the petition**, would have made a reasonable inquiry into whether the deed of trust had been released, extended, renewed, **transferred** or foreclosed, using information at hand. *See Lumpkin,* 11 S.W. at 1073 (if the purchaser had notice of the mortgage "at the time of his purchase, he would be put on inquiry, and would be required to exercise reasonable diligence to ascertain the facts constituting any change in or renewal of the mortgage, reasonable diligence to inform himself if the mortgage had been satisfied, and, if satisfied, how it had been satisfied"). Inquiring into the real property records of the chain of title, the hypothetical purchaser would have found no record that the deed of trust had been extinguished. A hypothetical purchaser, acquiring the property subject to an unreleased deed of trust, would inquire further into the status of the lien, exercising other available means of information readily at hand. |
| The deed of trust, properly filed and recorded, | The deed of trust, properly filed and recorded, |

| Text of Original Opinion | As Made Applicable to Facts of this Case |
|---|---|
| and within the hypothetical purchaser's constructive knowledge, revealed that FNMA was the holder of the deed of trust and Bank United its servicing agent. The records showed no transfer of ownership of the deed of trust. A hypothetical reasonably diligent purchaser would have inquired of FNMA or Bank United as to the status of the deed of trust. The record does not disclose whether such an inquiry would have led to the discovery of facts sufficient to charge the hypothetical purchaser with inquiry notice of the foreclosure sale and substitute trustee's deed. | and within the hypothetical purchaser's constructive knowledge, revealed that **MERS** ~~FNMA~~ was the ~~holder~~ **beneficiary** of the deed of trust **as nominee for Crevecor Mortgage, Inc.** ~~and Bank United its servicing agent~~. The records showed no transfer of ownership of the deed of trust. A hypothetical reasonably diligent purchaser would have inquired of ~~FNMA or Bank United~~ **MERS and/or Crevecor Mortgage, Inc.** as to the status of the deed of trust. The **summary judgment** record does not disclose whether such an inquiry would have led to the discovery of facts sufficient to charge the hypothetical purchaser with inquiry notice of the foreclosure sale and substitute trustee's deed. |
| Under Texas law, constructive notice of a recorded deed of trust does not trigger a duty to monitor litigation announcements and all other sources potentially containing information about real property to learn of any unrecorded extensions, renewals, releases, or foreclosure sales. Such a duty of investigation would be more exhaustive and burdensome than the duty of "reasonable and diligent inquiry" required under Texas law. See In re Spring Creek Invs., 71 B.R. at 159-60 ("[T]he duty does not extend to exhaustive inquiry or investigation."). A hypothetical purchaser is only under a duty of reasonable inquiry, by exercise of the means of information at hand, including a search of the real property records in the chain of title, and if the deed of trust remained unsatisfied, to inquire of the mortgage company identified in the recorded deed of trust. If such an inquiry would not disclose the foreclosure sale and substitute trustee's deed, then the hypothetical purchaser could rely on the absence of any record of the substitute trustee's deed in the chain of title and acquire the Hamilton property without notice of the foreclosure sale. | Under Texas law, constructive notice of a recorded deed of trust does not trigger a duty to monitor litigation announcements and all other sources potentially containing information about real property to learn of any unrecorded extensions, renewals, releases, or foreclosure sales. Such a duty of investigation would be more exhaustive and burdensome than the duty of "reasonable and diligent inquiry" required under Texas law. See In re Spring Creek Invs., 71 B.R. at 159-60 ("[T]he duty does not extend to exhaustive inquiry or investigation."). A hypothetical purchaser is only under a duty of reasonable inquiry, by exercise of the means of information at hand, including a search of the real property records in the chain of title, and if the deed of trust remained unsatisfied, to inquire of the mortgage company identified in the recorded deed of trust. If such an inquiry would not disclose the ~~foreclosure sale and substitute trustee's deed~~ **transfer to U.S. Bank,** then the hypothetical purchaser could rely on the absence of any record of the ~~substitute trustee's deed~~ **transfer** in the chain of title and acquire the **Woodcamp** ~~Hamilton~~ property without notice of ~~the foreclosure sale~~ **U.S. Bank's interest.** |

## Conclusion

Summary judgment is granted to U.S. Bank on the issue of whether it was the true owner of the note and the deed of trust.   Summary judgment is denied as to whether U.S. Bank's interest is avoidable by the Trustee.   A trial on the issue of inquiry notice will be conducted on March 6, 2013 at 1:30 p.m.   With respect to inquiry notice, the Court requires evidence as to the information that would have been provided by MERS and Crevecor Mortgage, Inc. to a prospective purchaser[2] as to whether the deed of trust had been released, extended, renewed, transferred or foreclosed.

Not later than February 28, 2013, the parties must file briefs setting forth the party with the burden of proof on the issue of inquiry notice.

A separate order will be issued.

SIGNED **February 8, 2013.**

Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

---

[2] On or immediately prior to June 16, 2011, the petition date.

13 / 13